**Daniel C. MOSS, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 7:06–CV–51–D(3).

United States District Court,
E.D. North Carolina,
Southern Division.

Feb. 16, 2007.

Daniel Moss, Wilmington, NC, pro se.

Lora M. Taylor, U.S. Dept. of Justice, Raleigh, NC, for Defendant.

## ORDER

JAMES C. DEVER III, District Judge.

On October 25, 2005, the Board for Correction of Naval Records denied plaintiff's petition to correct his naval record. Plaintiff (appearing pro se) then sued the United States. On November 1, 2006, Magistrate Judge Webb issued a Memorandum and Recommendation ("M & R") recommending that defendant's motion for summary judgment be granted and that all other motions be denied as moot. On November 20, 2006, plaintiff objected to the M & R in a "Memorandum and Rebuttal." The United States ("defendant" or "government") responded. As explained below, the court adopts those portions of the M & R to which plaintiff did not object. As for plaintiff's objections, the court overrules the objections and grants defendant's motion for summary judgment. All other motions are denied as moot.

### I.

█ "The Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (quoting 28

U.S.C.A. § 636(b)(1)). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quotation omitted).

Essentially, this case concerns plaintiff's contention that the Central Physical Evaluation Board ("CPEB") discriminated against plaintiff in 1987 when the Navy discharged him with a 10% disability rating. The alleged discrimination relates to plaintiff's status as a reservist and the failure of the CPEB to have a reservist as a member. Plaintiff then argues that the Board for Correction of Naval Records ("BCNR") failed to correct his naval record.

■ The court has reviewed the M & R, the record, and the memoranda. Regarding those portions of the M & R to which plaintiff does not object, the court is satisfied that there is no clear error on the face of the record. Accordingly, those portions of the M & R are accepted.

■ Regarding the matters to which plaintiff objects, the court reviews them de novo. In his objections, plaintiff largely restates the claims raised in his complaint and his response to defendant's motion for summary judgment. Judge Webb thoroughly considered those claims and addressed them in the M & R. The court has reviewed those claims and arguments de

novo and agrees with Judge Webb's analysis. In plaintiff's November 20, 2006, rebuttal, the court discerned four specific objections to the M & R. The court addresses these objections in turn.[1]

■ First, plaintiff alleges that the M & R inappropriately focused on defendant's contention that the CPEB had no discriminatory intent based on plaintiff's status as a reservist. Plaintiff argues that the M & R should have focused on the alleged procedural defects arising from the failure to investigate whether any members of the 1986 CPEB were reservists. *See* Pl.'s Rebuttal ¶¶ 1–2 (discussing 10 U.S.C. § 12643).[2] Judge Webb, however, addressed plaintiff's procedural argument: "Plaintiff's primary contention is that the CPEB failed to follow the proper procedure when he was discharged with severance pay in 1986. Specifically, Plaintiff challenges the BCNR's decision not to further investigate whether any of the members of the 1986 CPEB were reservists." M & R 8; *see* Def.'s Resp. 3.

The purpose of 10 U.S.C. § 12643 (the "statute") is to prevent the military, with its significant sector of regular officers, from discriminating against reservists. *Sargisson v. United States*, 913 F.2d 918, 923 (Fed.Cir.1990). In light of plaintiffs disability severance pay of $42,321.60 and the fact that he was not identified as a reservist to the CPEB (Admin. R. at 2), there is no evidence that plaintiff suffered

---

1. The M & R describes the appropriate standard for summary judgment and under the APA. The court analyzes plaintiff's objections in accordance with those standards.

2. 10 U.S.C. § 266(a) was redesignated as 10 U.S.C. § 12643 in 1994. *See* National Defense Authorization Act For Fiscal Year 1995, ch. 1219, sec. 1662, 108 Stat. 2996 (1994) (redesignating § 266 as § 12643). Section 12643(a) states:

Except as provided in section 612(a)(3) of this title and except for boards that may be

convened to select Reserves for appointment in the Regular Army, Regular Navy, Regular Air Force, or Regular Marine Corps, each board convened for the appointment, promotion, demotion, involuntary release from active duty, discharge, or retirement of Reserves shall include at least one member of the Reserves, with the exact number of Reserves determined by the Secretary concerned in his discretion.

10 U.S.C. § 12643.

such discrimination. *See* M & R 9. Thus, even if the CPEB lacked a reservist member, plaintiff was not prejudiced. *See Sargisson*, 913 F.2d at 923. Hence, the BCNR decision reaching the same conclusion is not arbitrary and capricious and is supported by substantial evidence. Accordingly, plaintiff's objection is overruled.

■ Next, plaintiff objects to the M & R's citation of cases decided before the 1981 amendment to the statute. Pl.'s Rebuttal ¶¶ 3–4. Before the 1981 amendment, the pertinent portion of the statute stated that each board convened to consider the "appointment, promotion, demotion, involuntary release from active duty, discharge, or retirement of Reserves shall include an appropriate number of Reserves." The amendment specified that such boards should contain "at least one member of the Reserves." *See Sargisson*, 913 F.2d at 922. Defendant responds that plaintiff cited those cases in his complaint and response and (in any event) that plaintiff misinterprets the effect of the amendment. Def.'s Resp. 3–5.

The 1981 amendment did not alter the purpose of the statute or its impact on plaintiff. As mentioned, the statute's purpose is to prevent "military [boards] (with their significant sector of Regular Officers) [from] discriminat[ing] against Reserves." *Sargisson*, 913 F.2d at 923. Where reservists are not competing against regular service members, "there [is] no opportunity for discrimination." *Id.* In this matter, plaintiff was not competing against regular officers or anyone else. Rather, plaintiff was being evaluated to determine his individual level of disability. Therefore, Judge Webb correctly concluded that "there [was] no opportunity for discrimination." M & R 8. Accordingly, the BCNR's decision to uphold the CPEB even though the CPEB may not have had a reservist on the CPEB was not arbitrary and capricious

and was supported by substantial evidence. Thus, plaintiff's objection is overruled.

■■ Next, plaintiff contends that defendant incorrectly used the undefined term "active component" in its memorandum when it should have used the more precise term "regular officer." Pl.'s Rebuttal ¶¶ 10–11. "Active component" generally refers to service members serving on active duty, which can include reservists who have been called to active duty. Defendant concedes that it should have "used the more exact term 'regular officer.'" Def.'s Resp. 6. The misuse of the term, however, does not weaken the force of defendant's argument concerning the compilation of the 1986 CPEB that made plaintiff's disability determination, the absence of discrimination, or the absence of prejudice. Notably, during the CPEB proceeding, plaintiff was incorrectly identified as a regular officer. *See* M & R 9. Hence, plaintiff's objection lacks merit and is overruled.

■ Finally, plaintiff complains that defendant cited three documents that refer to the composition of the CPEB (Admin. R. at 118, 269, 364), but plaintiff only provided one document with that information. Pl.'s Rebuttal ¶ 11. Defendant responds that each citation contains copies of the same document. Def.'s Resp. 6. Defendant included three copies "out of an abundance of caution [because] some copies are more legible than others." *Id.* 7. This objection does not constitute a legal objection to the M & R and has no impact on the M & R. In any event, the court overrules the objection.

## II.

For the reasons stated, the court ADOPTS those portions of the M & R to which plaintiff did not object. As for plaintiff's objections, the court OVERRULES them and GRANTS defendant's

motion for summary judgment. All other motions are DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED.